# IN THE UNITED STATES DISTRICT COURT, MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

FRANKLIN MARSHALL,                    )
                                       )
                Plaintiff,             )
                                       )
v.                                     )      2:06- CV-1119-MEF
                                       )
LITTON LOAN SERVICING, LP,            )
                                       )
                Defendant.             )

## NOTICE OF REMOVAL

Defendant Litton Loan Servicing, LP respectfully files this Notice of Removal of the above-captioned action to this Court. This Notice is supported by the following facts and authority:

### INTRODUCTION

1.      Plaintiff Franklin Marshall ("Marshall") filed an action in the Circuit Court of Barbour County, Alabama, CV-2005-088, against Litton Loan Servicing, LP ("Litton"). The plaintiff alleged certain state law claims relative to Litton's servicing of Marshall's home loan. Among other things, Marshall alleged that Litton provided "false and inaccurate information to others."[1] Complaint, at 12.[2] Marshall specifically disclaimed an amount in controversy in excess of $75,000 or any cause of action under or the application of any federal laws.

2.      For the first time, in a letter dated November 22, 2006 (the "demand letter"), Marshall alleged violations of federal law and contended among other things, that an analysis of the documents and case "reveal[ed] that there were several violations by Litton of the Fair Credit

---

[1] At no point in his complaint did Marshall identify who the "others" were.

[2] A copy of Marshall's complaint, as well as copies of any other process, pleadings, and orders from the state court action, are attached collectively as Exhibit 1.

879946.1

Reporting Act and the Fair Debt Collections Act with respect to this loan."[3]  Marshall proceeded

to explain his theory of Litton's alleged violation of FCRA and FDCPA.[4]

    3.      The demand letter expands the scope of the allegations in the initial complaint,

and makes apparent that the "others" to whom Litton purportedly provided false and inaccurate

information are none other than the credit reporting agencies.[5]  The demand letter also makes

clear that the plaintiff is making claims under 15 U.S.C. § 1681 *et seq.*, otherwise known as the

Fair Credit Reporting Act ("FCRA"), as well as 15 U.S.C. § 1692 *et seq.*, otherwise known as

the Fair Debt Collection Practices Act ("FDCPA").

    3.      This Notice of Removal is being filed and served within thirty (30) days after

receipt of such "other paper" that first appraised Litton that federal law applies to the claims for

relief upon which Marshall basis his action against Litton – namely, the demand letter.  See, e.g.,

Golden Apple Mgmt. Co., Inc. v. Geac Computers, Inc., 990 F. Supp. 1364 (M.D. 1998)(holding

settlement demand letter was "other paper" from which removability of state court action is first

ascertainable, and receipt of such triggers 30-day removal period, and finding defendant waived

right to remove because it failed to remove within 30 days after receipt of such letter).

    4.      This Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1331, in

that the action filed by Marshall arises under the constitution, laws or treaties of the Unites

States.  In further support of this Notice, Litton states as follows:

---

    [3] A copy of the "other paper," dated November 22, 2006, accompanies this Notice and is attached as Exhibit 2.

    [4] This memorandum does not attempt to analyze the merits of Marshall's theory of liability under FCRA or FDCPA.  Suffice it to say however, that at least with respect to the FCRA claim, plaintiff has missed the mark.

    [5] In reiterating Marshall's allegations, Litton in no way concedes that false or inaccurate information was ever provided to any credit reporting agency.  As this Court knows, the jurisdictional analysis is based not on what actually occurred, but instead on the plaintiff's allegations.  Litton vigorously denies that any false or inaccurate information was ever provided.

**ARGUMENT AND AUTHORITY**

5.    Section 1331 of Title 28 gives this Court jurisdiction over civil actions arising under federal law.  28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.")

6.    Should a plaintiff file an action in state court alleging a federal question, a defendant generally has only thirty days from receipt of the initial filing to remove the matter to federal court.  28 U.S.C. § 1446(a).  If the action is not removable based on the allegations contained in the initial pleading, subsection (b) of § 1446 permits a party to file a notice of removal "within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C.A. § 1446(b).

7.    Courts universally agree that settlement demand letters constitutes "other paper" on which a party can rely for the purposes of removal based on federal question jurisdiction.[6]

---

[6] See, e.g., Cohn v. Petsmart, Inc., 281 F.3d 837, 840 (9th Cir. 2002)("A settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim."); Addo v. Globe Life and Acc. Ins. Co., 230 F.3d 759, 762 (5th Cir. 2000)("[Plaintiff's] post-complaint demand letter was an 'other paper' under § 1446(b) which gave [the Defendant] notice that the case was removable."); Chase v. Shop 'N Save Warehouse Foods, Inc., 110 F.3d 424, 428-30 (7th Cir. 1997)(consulting plaintiff's settlement offer to determine "plaintiff's assessment of the value of her case"); Burns v. Windsor Ins. Co., 31 F.3d 1092, 1097 (11th Cir. 1994)("While [Plaintiff's] settlement offer, by itself, may not be determinative, it counts for something."); Yarnevic v. Brink's, Inc., 102 F.3d 753, 755 (4th Cir. 1996)("The 'motion, order or other paper' requirement is broad enough to include any information received by the defendant whether communicated in a formal or informal manner.")(internal quotation and citation omitted); Dozier v. Kentucky Finance Co., Inc., 319 F. Supp. 2d 716, 718 (S.D. Miss. 2003)("[A] settlement letter can be sufficient to constitute an 'other paper' which makes a case removable where the settlement request demands an amount over the jurisdictional minimum."); Grunberger Jewelers v. Leone, 2003 WL 21488752, at *2 (D. Conn. June 25, 2003)(demand letter offering $172,000 to settle the case constitutes "other paper" for purposes of § 1446(b)); Archer v. Kelly, 271 F. Supp. 2d 1320, 1323 (N.D. Okla. 2003)( "Defendants' rejection of a settlement offer does not foreclose their ability to use the offer itself as an estimate of the value plaintiff attributes to the claim and thus, as a benchmark for their assertion of the amount in controversy in a notice of removal."); Polk v. Sentry Ins., 129 F. Supp. 2d 975, 978 (S.D. Miss. 2000) (" [ Section] 1446(b) is not restricted solely to papers filed in the case•••• [A] demand letter under proper circumstances may be accorded 'other paper' status under § 1446(b)."); Rahwar v. Nootz, 863 F. Supp. 191, 192 (D.N.J. 1994)( "Correspondence between parties, similar to the statement of damages letter at issue in this case, specifically has been held sufficient to support removal.")

8.    For example, in <u>Mariners Hospital, Inc. v. Neighborhood Health Partnership,</u> Inc., 2004 WL 3201003, *1 (S.D. Fla. 2004), a plaintiff filed a four count complaint making certain allegations and alleging only state law claims. In that complaint, the plaintiff alleged that the defendant was liable to the plaintiff for certain emergency and medical services and supplies received by its insureds. The complaint did not identify the parties, the dates of service, or their insurance contract numbers. <u>Id.</u> at *2. Several months passed after the complaint was filed, at which time counsel for the plaintiff sent a letter to the defendant that identified the patients who received the medical services and supplies. <u>Id.</u> at *1. The identity of the patients and description of the medical services provided alerted the defendant to the fact that the majority of the claims were governed by federal law. <u>Id.</u> Within thirty days of receiving the letter, the defendant removed the state court action to federal court. <u>Id.</u> The plaintiff moved to remand the action, claiming that the defendant's removal effort was untimely. <u>Id.</u> The court disagreed with the plaintiff and denied the motion to remand. <u>Id.</u> at *1 & 5. The court reasoned that the plaintiff's complaint lacked enough specificity to put the defendant on notice of a federal cause of action. <u>Id.</u> at *2. It was not until the defendant received the additional letter – which the court concluded was "other paper" for the purposes of 28 U.S.C. § 1446(b) – that enough facts were provided to the defendant to give the defendant notice that a federal claim existed in the action. <u>Id.</u>[7]

---

[7] It is noteworthy that several courts have held that a defendant waived their right to remove when they failed to file and serve their notice of removal within thirty days after receipt of a demand or other letter from the plaintiff that informed the defendant of the existence of a federal cause of action. <u>See, e.g.,</u> <u>Dugdale v. Nationwide Mutual Fire Ins. Co.,</u> 2006 WL 335628 (E.D. Va. February 14, 2006)(concluding that the defendant failed to timely remove because they were put on notice of the existence of a federal cause of action in a demand letter); <u>Chavez v. Kincaid,</u> 15 F. Supp. 2d 1118 (D.N.M. 1998)(holding defendants waived right to remove when they failed to move within thirty days after receipt of letter putting them on notice of a potential federal cause of action); <u>Central Iowa Agri-Systems v. Old Heritage Advertising and Publishers, Inc.,</u> 727 F. Supp. 1304, 1305 (S.D. Iowa 1989)(holding pre-suit demand letter was other paper from which it could reasonably be ascertained that the case was removable and waived its right to removing by not serving and filing notice of removal within thirty days after the service of the initial lawsuit papers). The courts' respective holdings in these decisions compel Litton to file and serve this Notice of Removal within thirty (30) days after receipt of the demand letter so as not to waive the right to do so.

9.     The <u>Mariners</u> case is strikingly similar to the instant action in that the complaint lacked sufficient specificity to put Litton on notice as to the existence of a federal cause of action. Specifically, while the complaint alleged that Litton provided false information to others, at no point until the letter was Litton on notice that the "others" were in fact credit reporting agencies or that the claim was subject to the Fair Credit Reporting Act.  Further, the plaintiff's complaint referred to Litton's alleged collection practices as "harassing," but did not plead sufficient facts to put Litton on notice as to the existence of a potential FDCPA claim.

10.    Further, now that it is apparent from the demand letter that the plaintiff claims the "others" to whom false or inaccurate information was purportedly provided were credit reporting agencies, it is clear that the plaintiff alleges that Litton willfully violated the provisions of the Fair Credit Reporting Act, 15 U.S.C. § 1681.  The FCRA expressly provides that any action alleging violation of its provisions "may be brought in any appropriate United States district court without regard to the amount in controversy." 15 U.S.C. § 1681p.  The Eleventh Circuit has expressly held that FCRA cases brought in state court may be removed to federal court, pursuant to 15 U.S.C. § 1681p. <u>See, e.g.,</u> <u>Lockard v. Equifax, Inc.,</u> 163 F.3d 1259, 1264-65 (11th Cir. 1998). Claims under Alabama law, if any, may be adjudicated by this Court under 28 U.S.C. § 1367.

11.    Further, the demand letter makes clear that plaintiff alleges Litton violated the FDCPA. Consequently, federal question jurisdiction exists with this Court pursuant to 15 U.S.C. § 1692k(d).

12.    Promptly after or contemporaneous with the filing of this Notice of Removal, Litton will give written notice of the removal to the plaintiff through his attorney of record in the

state court action and to the Clerk of the Court in Barbour County, as required by 28 U.S.C. § 1446(d).

**WHEREFORE**, premises considered, Litton respectfully requests that the above-described action now pending in the Circuit Court of Barbour County, Alabama, be removed to this Court.

_____
One of the Attorneys for Defendant
Litton Loan Servicing, L.P.

**OF COUNSEL:**

Gregory C. Cook
A. Kelly Brennan
Steven R. Parker
BALCH & BINGHAM LLP
1710 Sixth Avenue North
Post Office Box 306
Birmingham, Alabama 35201-0306
Telephone: 205-251-8100
Facsimile: 205-226-8798

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon the following by first class U.S. mail, properly addressed and postage prepaid, on this the _____ day of December, 2006:

Mr. R. Brent Irby
McCallum Law Firm, LLC
2062 Columbiana Road
Birmingham, Alabama 35216

_____
Of Counsel

# Exhibit
# 1

**IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA**
(Clayton Division)

| | | |
|---|---|---|
| FRANKLIN MARSHALL; | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. _____ |
| v. | ) | |
| | ) | |
| LITTON LOAN SERVICING, LP; | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

**COMES NOW,** Plaintiff Franklin Marshall, by and through his attorney, and hereby files this Complaint against Defendant Litton Loan Servicing, LP.

### I.    PARTIES, JURISDICTION, AND VENUE

1.    Plaintiff Franklin Marshall is an adult resident citizen of Barbour County, Alabama, whose home-secured loan was serviced by Defendant Litton Loan Servicing, LP at all material times herein.

2.    Defendant Litton Loan Servicing, LP (hereafter "Litton Loan") is, upon information and belief, a Delaware limited partnership with its principal place of business at 4828 Loop Central Drive, Houston, Texas 77081.

3.    The claims asserted herein are brought solely under state common law and state statutory law, and do not arise out of federal law. Plaintiff does not seek relief under any federal laws or regulations, nor does Plaintiff assert federal claims, and Plaintiff withdraws any asserted state claim that is preempted by federal law. Any and all claims or possible claims under any federal law, code, regulation, rule and/or otherwise are expressly not brought herein and disclaimed.

4.    Plaintiff does not make any claim for relief, including both equitable relief and monetary damages, in excess of $74,000.00 for all claims, theories, and causes of action asserted, either separately or in the aggregate. While Plaintiff does seek punitive damages for his claims, Plaintiff does not seek any amount of damages, either separately or in the aggregate, exceeding $74,000.00. Even if Plaintiff were to recover under each count of the Complaint, the total amount of relief, including both equitable relief and monetary damages, would not exceed $74,000.00. Under no circumstances would the total amount of relief, including both equitable relief and monetary damages, exceed $74,000.00, either separately or in the aggregate.

5.    Venue is proper in this county, in that Plaintiff resides in this county, the subject property and mortgage is located in this county, the Defendant does business in this county, and the acts and/or omissions giving rise to this action occurred in this county.

## II.    FACTUAL BACKGROUND

6.    For a period of years, Litton Loan has engaged in several fraudulent and misleading practices in the servicing of mortgage loans. At all times material herein, Plaintiff held a home-secured loan serviced by Litton Loan. These fraudulent practices of Litton Loan were played on the Plaintiff in this action.

7.    For instance, in collecting and processing the loan payments of the Plaintiff, Litton Loan systematically and purposely failed to post and credit Plaintiff's mortgage payments in a timely and appropriate manner to his account, and then failed to disclose these material facts to Plaintiff. As a result of taking these actions and then failing to disclose these facts to Plaintiff, Litton Loan then charged Plaintiff certain bogus late fees, delinquency fees, additional interest, and other improper fees for the Plaintiff's alleged failure to make timely payments. At no time

2

did Litton Loan inform the Plaintiff that it failed to properly post Plaintiff's timely payment, and that Plaintiff's payments were, in fact, not delinquent. As a result, Plaintiff purportedly "fell behind" on his mortgage payments, according to Litton Loan.

8.      When Litton Loan assessed these improper fees, such as the late fees mentioned above and other purported "fees" mentioned herein, it assessed them to Plaintiff's account and then demanded payment in monthly bills, reinstatement demands, payoff statements, foreclosure threats, and collection letters. These improper fees were wrongfully assessed and obtained from Plaintiff's monthly payments. At no time did Litton Loan disclose to Plaintiff that these fees were improper, and at times, Plaintiff allowed these fees to be paid based on Litton Loan's fraudulent misrepresentation that Plaintiff's payments were "untimely." In fact, in the course of servicing Plaintiff's loans, Litton Loan represented that the fees collected by Litton Loan were allowed under the mortgage contract and permitted by law when, in truth, they were not.

9.      Additionally, at various times during the period when Plaintiff's loan was serviced by Litton Loan, Litton Loan failed to provide Plaintiff with timely and truthful information about the timing and amounts of payments owed by Plaintiff.

10.     Litton Loan also engaged in fraudulent conduct by force-placing certain unnecessary and excessive property insurance on Plaintiff's loan account. Litton Loan force-placed this insurance when Litton Loan knew that sufficient property insurance was already in place, or while failing to take any reasonable actions to determine whether appropriate insurance was in place. Upon information and belief, Litton Loan receives substantial commissions and compensation when it force-places insurance on homes in this manner. As a result of paying premiums for this force-placed insurance, Plaintiff's regular mortgage payments had been deemed insufficient, and

3

fees were then improperly assessed by Litton Loan. These material facts were not disclosed to Plaintiff.

11.    Litton Loan also repeatedly and improperly threatened foreclosure action with respect to Plaintiff's property with inaccurate and harassing threats of foreclosure, made both verbally and in writing. Despite Litton Loan's inaccurate assertions of default and threats of foreclosure, Plaintiff had made all of his monthly mortgage payments in a timely fashion, properly maintained property/hazard insurance coverage, properly paid his property taxes or other taxes on the property, and compiled with all other requirements to which he was obligated under the mortgage. Despite these facts, Litton Loan consistently threatened and harassed Plaintiff, both verbally and in writing, with default notices and repeated threats of foreclosure. These actions caused enormous emotional distress to Plaintiff.

12.    Litton Loan also engaged in a myriad of other fraudulent practices with respect to Plaintiff including, but not limited to, assessing and collecting other bogus and unwarranted fees and charges; fraudulently placing Plaintiff's payments in certain "suspense" accounts without disclosing material facts to Plaintiff; treating Plaintiff's accounts as in default even though timely payments had been made; miscalculating, seeking, and collecting excessive interests from Plaintiff; improperly administrating Plaintiff's escrow accounts; fraudulently returning or refusing to accept payments in order to generate defaults and impose fees; seeking to collect payments that had already been made; misrepresenting the total amount of Plaintiff's unpaid mortgage loan; collecting excessive amounts for escrow accounts; failing to maintain accurate records of escrow accounts; force-placing insurance on Plaintiff's home that was unnecessary and unauthorized; threatening foreclosure of Plaintiff's home when it was not in default; publishing a notice of

4

foreclosure when Plaintiff's loan was not in default; harassing Plaintiff in attempts to collect on Plaintiff's loan; and providing false and inaccurate information to others regarding Plaintiff's purported delinquent account.

13.    Plaintiff did not know, and had no way of knowing, about these undisclosed fraudulent practices until within two (2) years of the filing of this action. Upon information and belief, Litton Loan took affirmative steps to conceal these fraudulent actions from its customers.

## COUNT ONE
### Breach of Contract

14.    Plaintiff adopts and incorporates all previous allegations in full.

15.    Litton Loan services loans evidenced by the provisions contained in the notes and mortgages of Plaintiff.

16.    Litton Loan has imposed or collected amounts in violation of the contract including interest, late fees, default related fees, force-played insurance, and other impermissible fees, costs, and charges.

17.    Litton Loan misapplied or failed to apply payments, or imposed late fees and other charges not due, all in breach of contract with Plaintiff.

18.    Litton Loan also took actions inconsistent with the provisions contained in the notes and mortgages of Plaintiff, thus violating any contract held by them.

19.    As a result of Litton Loan's breach of contract with Plaintiff, Plaintiff is entitled to recover any and all available compensatory damages, though not in an amount to exceed $74,000.00.

## COUNT TWO
### Fraud and Suppression

20.    Plaintiff adopts and incorporates all previous allegations in full.

21.    Litton Loan has represented to Plaintiff that Litton Loan is entitled to collect various charges that were not legally due and owing. Said representations concerning the right to collect such fees and charges were false and known to have been false when made. Moreover, Litton Loan made false representations to Plaintiff regarding the timeliness of Plaintiff's payments, which Litton Loan knew were false. Also, with respect to Plaintiff, Litton Loan made false representations to him regarding threatened foreclosure on his property.

22.    Litton Loan has also suppressed and concealed those material facts previously described herein, including the material fact that Plaintiff's mortgage payments were, in truth, not delinquent; that Litton Loan had no right to assess and collect the bogus fees described herein; that Litton Loan's purported fees were unlawful and bogus; that Litton Loan's forced-placed insurance was unnecessary, excessive and assessed merely to improperly increase Plaintiff's monthly payment; that at times payments were improperly placed in "suspense" accounts to Litton Loan's benefit; and that Litton Loan's foreclosure actions were improper.

23.    These facts either suppressed by, or misrepresented by, Litton Loan were material and Plaintiff relied to his detriment as a result thereof.

24.    As a result of Litton Loan's fraud and suppression, Plaintiff is entitled to recover any and all available compensatory and punitive damages, though not in an amount to exceed $74,000.00.

## COUNT THREE
### Negligence

25.    Plaintiff adopts and incorporates all previous allegations in full.

26.    Litton Loan owed Plaintiff a duty of care with respect to servicing his mortgage loan for the reasons including, without limitation, that said loan was secured by an interest in Plaintiff's family residence and that lack of care would result in overpayments causing great economic hardship.

27.    Litton Loan breached that duty of care and diligence owed to Plaintiff by engaging in those practices and actions described in this Complaint.

28.    As a result of Litton Loan's negligence described herein, Plaintiff is entitled to recover any and all available compensatory and punitive damages, though not in an amount to exceed $74,000.00.

## COUNT FOUR
### Unjust Enrichment

29.    Plaintiff adopts and incorporates all previous allegations in full.

30.    As a result of the fraudulent and improper conduct described herein, Litton Loan has been unjustly enriched at the expense of the unknowing Plaintiff. Under these circumstances, and pursuant to the equitable principles recognized by Alabama law, Litton Loan should not be allowed to obtain its ill-gotten gain, which was obtained through Litton Loan's fraudulent and improper conduct.

31.    Therefore, Plaintiff requests that this Court exercise its equitable jurisdiction and impose a constructive trust on those monies rightfully owed to Plaintiff, though not in an amount to exceed $74,000.00.

7

**PRAYER FOR RELIEF**

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against Defendant for compensatory damages and punitive damages, though not in an amount not to exceed $74,000.00, exclusive interest and costs, plus such other, further, or additional relief as may be just an proper, but not in an amount to exceed $74,000.00 for all claims, theories, requests for damages, and causes of action, either separately or in the aggregate, asserted in this Complaint.

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY**

RESPECTFULLY SUBMITTED:

_____
R. Brent Irby

OF COUNSEL:
McCallum, Hoaglund, Cook & Irby, L.L.P.
2062 Columbiana Road
Vestavia Hills, Alabama 35216
Phone: (205) 824-7767
Fax: (205)824-7768

**Please serve Defendant via Certified Mail/Return Receipt Requested at the following address:**

Litton Loan Servicing, LP
4828 Loop Central Drive
Houston, Texas 77081

8

State of Alabama
Unified Judicial System

Form C-34 Rev 2/79

# SUMMONS — CIVIL

Case Number

| ID | YR | Number |
|---|---|---|

IN THE    Circuit       COURT OF    Barbour (Clayton Division)    COUNTY

Plaintiff    Franklin Marshall       vs   Defendant    Litton Loan Servicing LP

NOTICE TO_____    Litton Loan Servicing, LP

*FILED DEC 08 2005 DAVID S. NIX, CLERK BARBOUR COUNTY, ALABAMA*

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO MAIL OR HAND DELIVER A COPY OF A WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT TO THE PLAINTIFF'S ATTORNEY __R. Brent Irby_____ _____ WHOSE ADDRESS IS _2062 Columbiana Road, Vestavia Hills,___ _Alabama 35216_____

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN __30___ DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT. YOU MUST ALSO FILE THE ORIGINAL OF YOUR ANSWER WITH THE CLERK OF THIS COURT.

☐    TO ANY SHERIFF OR ANY PERSON AUTHORIZED by either rules 4.1(b)(2) or 4.2(b)(2) or 4.4(b)(2) of the Alabama Rules of Civil Procedure: You are hereby commanded to serve this summons and a copy of the complaint in this action upon defendant.

☒    This service by certified mail of this summons is initiated upon the written request of_____Plaintiff_____ pursuant to Rule 4.1(c) of the Alabama Rules of Civil Procedure.

_____    _____ By:_____
DATE                                    CLERK/REGISTER

RETURN ON SERVICE:

☐    Certified Mail return receipt received in this office on (Date)_____ (Return receipt hereto attached).

☐    I certify that I personally delivered a copy of the Summons and Complaint to_____ _____in_____County, Alabama on (Date)_____.

_____    _____
DATE                                     SERVER SIGNATURE
ADDRESS
OF SERVER _____

_____    _____
                                             TYPE OF PROCESS SERVER

COURT RECORD (White)    ADDRESSEE (Green)          ROBERTS & SON, INC., P. O. BOX 1807, BIRMINGHAM, ALABAMA 35201    TELEPHONE 822-3122.

State of Alabama
Unified Judicial System

Form ARCivP-93    Rev. 5/99

# COVER SHEET
## CIRCUIT COURT - CIVIL CASE
(Not For Domestic Relations Cases)

Case Number:
| C | V | | | | | | | | | | - | | |

Date of Filing:

| Month | | Day | | Year | |

Judge Code:

## GENERAL INFORMATION

IN THE CIRCUIT COURT OF  Barbour County (Clayton Division)  , ALABAMA

*(Name of County)*

Franklin Marshall

v.

Litton Loan Servicing, LP

Plaintiff

Defendant

First Plaintiff  [ ] Business  [X] Individual       First Defendant  [X] Business  [ ] Individual
[ ] Government  [ ] Other                                        [ ] Government  [ ] Other

---

NATURE OF SUIT:    Select primary cause of action, by checking box *(check only one)* that best characterizes your action:

**TORTS: PERSONAL INJURY**
- [ ] WDEA  -  Wrongful Death
- [ ] TONG  -  Negligence: General
- [ ] TOMV  -  Negligence: Motor Vehicle
- [ ] TOWA  -  Wantonness
- [ ] TOPL  -  Product Liability/AEMLD
- [ ] TOMM  -  Malpractice-Medical
- [ ] TOLM  -  Malpractice-Legal
- [ ] TOOM  -  Malpractice-Other
- [ ] TBFM  -  Fraud/Bad Faith/Misrepresentation
- [ ] TOXX  -  Other: _____

**TORTS: PROPERTY INJURY**
- [ ] TOPE  -  Personal Property
- [ ] TORE  -  Real Property

**OTHER CIVIL FILINGS**
- [ ] ABAN  -  Abandoned Automobile
- [ ] ACCT  -  Account & Nonmortgage
- [ ] APAA  -  Administrative Agency Appeal
- [ ] ADPA  -  Administrative Procedure Act
- [ ] ANPS  -  Adults in Need of Protective Services

**OTHER CIVIL FILINGS (cont'd)**
- [ ] MSXX  -  Birth/Death Certificate Modification/Bond Forfeiture Appeal/
                Enforcement of Agency Subpoena/Petition to Preserve
- [ ] CVRT  -  Civil Rights
- [ ] COND  -  Condemnation/Eminent Domain/Right-of-Way
- [ ] CTMP  -  Contempt of Court
- [ ] CONT  -  Contract/Ejectment/Writ of Seizure
- [ ] TOCN  -  Conversion
- [ ] EQND  -  Equity Non-Damages Actions/Declaratory Judgment/Injunction
                Election Contest/Quiet Title/Sale For Division
- [ ] CVUD  -  Eviction Appeal/Unlawful Detainer
- [ ] FORJ  -  Foreign Judgment
- [ ] FORF  -  Fruits of Crime Forfeiture
- [ ] MSHC  -  Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- [ ] PFAB  -  Protection From Abuse
- [ ] FELA  -  Railroad/Seaman (FELA)
- [ ] RPRO  -  Real Property
- [ ] WTEG  -  Will/Trust/Estate/Guardianship/Conservatorship
- [ ] COMP  -  Workers' Compensation
- [ ] CVXX  -  Miscellanous Circuit Civil Case

FILED
DEC 0 8 2005
DAVID S. NIX, CLERK
BARBOUR COUNTY, ALABAMA

---

ORIGIN (check one):    F [X] INITIAL FILING       A [ ] APPEAL FROM        O [ ] OTHER:
                                                          DISTRICT COURT
                       R [ ] REMANDED              T [ ] TRANSFERRED FROM
                                                          OTHER CIRCUIT COURT

---

HAS JURY TRIAL BEEN DEMANDED?    [X] YES  [ ] NO      Note:  Checking "Yes" does not constitute a demand for a
                                                       jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

---

RELIEF REQUESTED:    [ ] MONETARY AWARD REQUESTED          [ ] NO MONETARY AWARD REQUESTED

---

ATTORNEY CODE:

| R | B | 0 | 0 | 6 |

December 7, 2005
Date

*R. Bert...* (signature)
Signature of Attorney/Party filing this form

---

MEDIATION REQUESTED:    [ ] YES  [ ] NO  [ ] UNDECIDED

RECEIVED
DEC 1 2 2005

IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA
CLAYTON DIVISION

FRANKLIN MARSHALL,                          )
                                            )
            Plaintiff,                      )
                                            )
v.                                          )     CIVIL ACTION NO. 2005 000088
                                            )
LITTON LOAN SERVICING, LP,                  )
                                            )
            Defendant.                      )
                                            )

**ANSWER AND DEFENSES OF DEFENDANT LITTON LOAN SERVICING L.P.**

Defendant Litton Loan Servicing L.P. ("Litton") responds as follows to Plaintiff's
Complaint:

**ANSWER**

1.      Litton is without knowledge or information sufficient to form a belief as to the
truth of the allegations contained in paragraph 1 of the Complaint, and therefore denies those
allegations.

2.      Litton is without knowledge or information sufficient to form a belief as to the
truth of the allegations contained in paragraph 2 of the Complaint, and therefore denies those
allegations.

3.      Litton denies the allegations of paragraph 3 and affirmatively avers that whether
the allegations and claims made by the Plaintiff are based on federal law or federal causes of
action is a matter of law that cannot be denied or disclaimed by the Plaintiff.



FILED
JAN 2 3 2006
DAVID S. NIX, CLERK
BARBOUR COUNTY, ALABAMA

812912.1

4.      Litton is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint, and therefore denies those allegations.

5.      Litton is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint, and therefore denies those allegations.

6.      Litton denies the allegations contained in paragraph 6 of the Complaint.

7.      Litton is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint, and therefore denies those allegations.

8.      Litton is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint, and therefore denies those allegations.

9.      Litton is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint, and therefore denies those allegations.

10.      Litton is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint, and therefore denies those allegations.

11.      Litton is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint, and therefore denies those allegations.

12.      Litton denies the allegations contained in paragraph 12 of the Complaint.

13.    Litton is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint, and therefore denies those allegations.

14.    Litton incorporates by reference its responses to paragraphs 1 – 13 of the Complaint.

15.    Litton is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint, and therefore denies those allegations.

16.    Litton denies the allegations contained in paragraph 16 of the Complaint.

17.    Litton denies the allegations contained in paragraph 17 of the Complaint.

18.    Litton denies the allegations contained in paragraph 18 of the Complaint.

19.    Litton denies the allegations contained in paragraph 19 and denies that Plaintiff is entitled to the relief sought against it in the Complaint or to any other relief against it.

20.    Litton incorporates by reference its responses to paragraphs 1 – 19 of the Complaint.

21.    Litton denies the allegations contained in paragraph 21 of the Complaint.

22.    Litton denies the allegations contained in paragraph 22 of the Complaint.

23.    Litton denies the allegations contained in paragraph 23 of the Complaint.

24.    Litton denies the allegations contained in paragraph 24 and denies that Plaintiff is entitled to the relief sought against it in the Complaint or to any other relief against it.

25.    Litton incorporates by reference its responses to paragraphs 1 – 24 of the Complaint.

26.     To the extent that an answer is required, Litton denies the allegations contained in paragraph 26 of the Complaint.  Paragraph 3.3 calls for a legal conclusion that Litton is not required to admit or deny.  Litton affirmatively avers that it acted in accordance with all duties required by law at all relevant times.

27.     Litton denies the allegations contained in paragraph 27 of the Complaint.

28.     Litton denies the allegations contained in paragraph 28 and denies that Plaintiff is entitled to the relief sought against it in the Complaint or to any other relief against it.

29.     Litton incorporates by reference its responses to paragraphs 1 – 28 of the Complaint.

30.     Litton denies the allegations contained in paragraph 30 of the Complaint.

31.     Litton denies the allegations contained in paragraph 31 and denies that Plaintiff is entitled to the relief sought against it in the Complaint or to any other relief against it.

32.     Litton denies that Plaintiff is entitled to the relief sought against it in the Complaint or to any other relief against it.

33.     Litton denies each and every material allegation of the complaint that it has not expressly admitted in this Answer.

## DEFENSES

1.     The Complaint fails to state a claim against Litton upon which relief can be granted.

2.     The Complaint fails to provide a definite enough statement to place Litton on notice of the nature of the claims against it.

3.     Some or all of plaintiff's state law claims are preempted by federal law.

812912.1                                    4

4.    Plaintiff's claims against Litton are barred by the applicable statutes of limitations.

5.    Plaintiff's claims are barred because he sustained no compensable damages as a result of any action or conduct by Litton alleged in the complaint.

6.    The losses complained of, if any, were not caused by any act, omission, or conduct of Litton.

7.    Any purported damages allegedly suffered by plaintiff are the result of acts or omissions of third persons over whom Litton had neither control nor responsibility.

8.    The plaintiff was contributorily negligent.

9.    Any alleged damages sustained by plaintiff were, at least in part, caused by the actions of plaintiff himself or resulted from plaintiff's own negligence, which equaled or exceeded any alleged negligence or wrongdoing by Litton.

10.    Any recovery is barred, or must be reduced, by principles of laches, consent, acquiescence, ratification, waiver, and/or estoppel.

11.    Any recovery is barred, or must be reduced, pursuant to the doctrine of *in pari delicto*.

12.    Any recovery is barred pursuant to the doctrine of accord and satisfaction.

13.    Plaintiff has failed to plead fraud with the specificity required by Alabama Rule of Civil Procedure 9.

14.    Any recovery for breach of contract is barred by plaintiff's prior material breach of contract.

15.    Any recovery is barred, or must be reduced, as a proximate result of plaintiff's failure to mitigate any alleged damages.

16.    Any recovery is barred, or must be reduced, because of superseding or intervening acts or causes.

17.    Any recovery against Litton is barred, or must be reduced, because of the actions or conduct of others.

18.    Any recovery of punitive or exemplary damages is barred, or must be reduced, under the provisions of the Fifth, Eighth and Fourteenth Amendment of the United States Constitution and Article I, Sections 6 and 15 of the Constitution of the State of Alabama.

19.    Recovery of punitive or exemplary damages, if any, is limited by the restrictions and caps on punitive damage awards as provided for by Alabama law.

20.    Litton reserves the right to assert additional affirmative defenses to the extent warranted by discovery and the factual developments in this case.

Respectfully submitted,

_____
One of the Attorneys for Defendant,
Litton Loan Servicing

**OF COUNSEL:**

Gregory C. Cook
Nathan D. Chapman
BALCH & BINGHAM LLP
Post Office Box 306
Birmingham, AL 35201-0306
Telephone: (205) 251-8100
Facsimile: (205) 226-8798

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon the following by facsimile and first class mail, properly addressed and postage prepaid, on this the 19th day of January, 2006:

R. Brent Irby
McCallum, Hoaglund, Cook & Irby
2062 Columbiana Road
Vestavia Hills, Alabama 35216

Of Counsel



* * * IN THE CIRCUIT COURT OF BARBOUR COUNTY * * *

CASE(S) LISTED BELOW ARE SET ON 09/18/2006
AT: CLAYTON
BARBOUR COUNTY COURTHOUSE
ALABAMA

JUDGE: BURT SMITHART

CASE NUMBER     PARTY NAME
CV200500008800 LITTON LOAN SERVICING, LP        TIME    DESCRIPTION
** STYLE: FRANKLIN MARSHALL VS LITTON LOAN SERVICING LP    1000AM  SCHEDULE CONFERENCE

(08/17/2006)   OPER: DAN

AUG 2 1 2006

FORM: A465

*9/13/06*

## IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA
## CLAYTON DIVISION

FRANKLIN MARSHALL,                    )
                                      )
          Plaintiff,                  )
                                      )
v.                                    )
                                      )   CIVIL ACTION NO. CV-05-88
LITTON LOAN SERVICING, LP,            )
                                      )
          Defendant.                  )
                                      )
                                      )

## NOTICE OF DEPOSITION

**TO:**   Mr. R. Brent Irby
          MCCALLUM, HOAGLUND, COOK, & IRBY
          2062 Columbiana Road
          Vestavia Hills, Alabama 35216

          PLEASE TAKE NOTICE THAT, pursuant to Alabama Rules of Civil Procedure 30,

defendant Litton Loan Servicing, LP ("Litton"), by and through counsel, will take the oral

deposition of the deponent named below at the time and location indicated.  The deposition will

continue from time to time until completed.  This Notice of Deposition is issued pursuant to the

Alabama Rules of Civil Procedure for the purpose of discovery or for use as evidence at the trial

of the above case, and will be recorded by stenographic means by a court reporter or some other

person authorized by law to administer oaths.  You are invited to attend and cross-examine.

**DEPONENT:**      **Franklin Marshall**

**DATE:**          **September 29, 2006**

**TIME:**          **2:00 p.m.**

**LOCATION:**      **BALCH & BINGHAM LLP**
                   **1710 Sixth Avenue North**
                   **Birmingham, Alabama  35203**

860302.1

## INSTRUCTIONS

1.      Unless otherwise specified, each request herein relates to, covers and requests information for any and all periods of time.

2.      If any document responsive to any of the following requests is withheld based on any claim of privilege, please state the following with respect to **EACH DOCUMENT**: (1) the substance or subject matter of the document; (2) its date; (3) its authors; (4) the nature of the privilege being claimed and (5) the identity of all persons or entities who were recipients, have copies or have had access to such document.

3.      If any document to be produced was, but no longer is, in your possession or control or is no longer in existence, describe the document and state whether the document is: (1) still in existence and, if so, who has it; or (2) if missing, lost, destroyed or disposed of, the circumstances surrounding such disposition.

4.      Where the context herein makes it appropriate, each singular word shall include its plural and each plural word shall include its singular.  "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery all responses which might otherwise be construed to be outside its scope.  The present tense shall be construed to include the past tense, and the past tense shall be construed to include the present tense.  The masculine and feminine shall be construed in the generic sense.

5.      When this discovery calls for a document which, while known to the party, is not in the possession or control of the party, the party shall identify its present location and custodian if known, or otherwise its last known location and custodian.

2

6.      Deponent is to produce all documents which are in his possession or control or available to him, including documents in the possession or control of his attorneys, investigators, employees, agents or other representatives, or any other person or persons acting on his behalf.

## DEFINITIONS

1.      "**Document**" refers to anything contemplated by Alabama Rules of Civil Procedure 34(a), and includes all media by which information or data may be stored or obtained, including, without limitation, books, pamphlets, letters, correspondence, telegrams, reports, memoranda, records, studies, extracts, notes, calendars, working papers, charts, papers, indices, tapes, data sheets or cards, minutes, transcriptions, computer disks, diskettes, e-mail, other electronic media, and any other written, printed, reported, transcribed, punched, taped or typed materials, movies or other photographic matter, however produced or reproduced, and all mechanical or electronic sound recordings or transcripts thereof, in your possession, custody or control.

2.      "**Relating to**" means relating to, referring to, concerning, regarding, describing, discussing, reflecting, mentioning, constituting and/or supporting, directly and/or indirectly and each of these terms should be construed as meaning each and every one of these terms.

3.      "**Correspondence**" means all letters, e-mails, facsimiles, notes, phone messages, notes regarding oral communications, audiotapes, videotapes, written or recorded presentations, advertising, promotional literature, brochures, and any other document relating to communication.

4.      "**You**" and/or "**your**" means the deponent Franklin Marshall and any attorneys, investigators, employees, relatives, agents or other representatives, or any other person or persons acting on his behalf.

## **REQUEST FOR PRODUCTION**

Pursuant to Rule 30(b) (5) of the Alabama Rules of Civil Procedure, the deponent is requested to produce prior to, or at, his deposition the documents described below:

1.      Any and all documents which you contend prove or disprove the allegations of your complaint, including any and all documents substantiating your claims.

2.      Any and all documents supporting your claim of damages, including reports and/or damage calculations prepared regarding the amount of damages sought pursuant to this action.

3.      Any and all documents mentioning, referring or relating to Litton, and/or your claims in this lawsuit.

4.      Any and all documents evidencing any communications between you or anyone acting on your behalf, and any representative of Litton.

5.      Any and all statements you have given to any person regarding your complaint;

6.      Any and all documents which you contend evidences wrongdoing by Litton;

7.       Any and all documents and papers you intend to introduce into evidence during the trial of this case;

8.      Any and all documents and papers prepared by or for an expert who may be called to testify during the trial of this case or an expert consulted in connection with this case but whose work product forms a basis of the opinions of an expert to be called as a witness at the trial of this case

One of the Attorneys for Defendant
Litton Loan Servicing, LP

**OF COUNSEL:**

Gregory C. Cook (COO038)
Steven R. Parker (PAR126)
BALCH & BINGHAM LLP
Post Office Box 306
Birmingham, AL 35201-0306
Telephone: (205) 251-8100
Facsimile: (205) 226-8798

## CERTIFICATE OF SERVICE

      I certify that on September 13, 2006, I served the foregoing Notice of Deposition upon the person listed below, by facsimile and by mail through the United States Postal Service.

Mr. R. Brent Irby
MCCALLUM, HOAGLUND, COOK, & IRBY
2062 Columbiana Road
Vestavia Hills, Alabama 35216
Telephone: (205) 824-7767
Facsimile: (205) 824-7768

_____
Of Counsel

9/13/06

IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA

FRANKLIN MARSHALL,                          )
                                            )
        Plaintiff,                          )
                                            )
v.                                          )        CIVIL ACTION NO. CV 05-88
                                            )
LITTON LOAN SERVICING, LP,                  )
                                            )
        Defendant.                          )

## NOTICE OF SERVICE OF DISCOVERY DOCUMENTS

Please take notice that the following discovery documents have been served on behalf of

defendant Litton Loan Servicing, LP.

NOTICE OF DEPOSITION
(for Franklin Marshall on September 29, 2006)

_____
One of the Attorneys for Defendant
Litton Loan Servicing, LP

**OF COUNSEL:**

Gregory C. Cook
Steven R. Parker
BALCH & BINGHAM LLP
Post Office Box 306
Birmingham, Alabama 35201-0306
Telephone: 205-251-8100
Facsimile: 205-226-8798



FILED
SEP 1 4 2006
DAVID S. NIX, CLERK
BARBOUR COUNTY, ALABAMA

860733.1

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served upon counsel listed below via first-class, United States mail, postage prepaid, this _13th_ day of September, 2006.

Mr. R. Brent Irby
McCallum, Hoaglund, Cook & Irby
2062 Columbiana Road
Vestavia Hills, Alabama 35216

_____
Of Counsel

860733.1                                          2

## IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA

| | |
|---|---|
| FRANKLIN MARSHALL, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )     **CIVIL ACTION NO. CV 05-88** |
| | ) |
| LITTON LOAN SERVICING, LP, | ) |
| | ) |
|     Defendant. | ) |

### NOTICE OF SERVICE OF DISCOVERY DOCUMENTS

Please take notice that the following discovery documents have been served on behalf of

defendant Litton Loan Servicing, LP.

RENOTICE OF DEPOSITION AND
REQUEST FOR PRODUCTION OF DOUMENTS AND THINGS

_____
One of the Attorneys for Defendant
Litton Loan Servicing, LP

**OF COUNSEL:**

Gregory C. Cook
Steven R. Parker
BALCH & BINGHAM LLP
Post Office Box 306
Birmingham, Alabama 35201-0306
Telephone: 205-251-8100
Facsimile: 205-226-8798

862185.1

## CERTIFICATE OF SERVICE

I hereby certify that  a copy of the above and foregoing has been served upon counsel listed below via first-class, United States mail, postage prepaid, this 20th day   of   September, 2006.

Mr. R. Brent Irby
McCallum, Hoaglund, Cook & Irby
2062 Columbiana Road
Vestavia Hills, Alabama  35216

_____
Of Counsel

## IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA
## CLAYTON DIVISION

| | |
|---|---|
| FRANKLIN MARSHALL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) CIVIL ACTION NO. CV-05-88 |
| LITTON LOAN SERVICING, LP, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

### RE-NOTICE OF DEPOSITION AND
### REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS

**TO:**   Mr. R. Brent Irby
McCallum, Hoaglund, Cook, & Irby
2062 Columbiana Road
Vestavia Hills, Alabama 35216

PLEASE TAKE NOTICE THAT, pursuant to Alabama Rules of Civil Procedure 30, defendant Litton Loan Servicing, LP ("Litton"), by and through counsel, will take the oral deposition of the deponent named below at the time and location indicated. The deposition will continue from time to time until completed. This Notice of Deposition is issued pursuant to the Alabama Rules of Civil Procedure for the purpose of discovery or for use as evidence at the trial of the above case, and will be recorded by stenographic means by a court reporter or some other person authorized by law to administer oaths. You are invited to attend and cross-examine.

**DEPONENT:**      **Franklin Marshall**

**DATE:**      **October 11, 2006**

**TIME:**      **10:00 a.m.**

**LOCATION:**      **Balch & Bingham LLP**
**105 Tallapoosa St, Suite 200**
**Montgomery, Alabama**

862151.1

PLEASE TAKE FURTHER NOTICE that pursuant to Ala. R. Civ. P. 30(b)(5) and 34, the deponent is requested to produce at his deposition, and to permit inspection and copying of, all documents described below in his respective possession, custody, or control, including those held by his counsel:

### INSTRUCTIONS

1.     Unless otherwise specified, each request herein relates to, covers and requests information for any and all periods of time.

2.     If any document responsive to any of the following requests is withheld based on any claim of privilege, please state the following with respect to **EACH DOCUMENT**: (1) the substance or subject matter of the document; (2) its date; (3) its authors; (4) the nature of the privilege being claimed and (5) the identity of all persons or entities who were recipients, have copies or have had access to such document.

3.     If any document to be produced was, but no longer is, in your possession or control or is no longer in existence, describe the document and state whether the document is: (1) still in existence and, if so, who has it; or (2) if missing, lost, destroyed or disposed of, the circumstances surrounding such disposition.

4.     Where the context herein makes it appropriate, each singular word shall include its plural and each plural word shall include its singular. "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery all responses which might otherwise be construed to be outside its scope. The present tense shall be construed to include the past tense, and the past tense shall be construed to include the present tense. The masculine and feminine shall be construed in the generic sense.

5.    When this discovery calls for a document which, while known to the party, is not in the possession or control of the party, the party shall identify its present location and custodian if known, or otherwise its last known location and custodian.

6.    Deponent is to produce all documents which are in his possession or control or available to him, including documents in the possession or control of his attorneys, investigators, employees, agents or other representatives, or any other person or persons acting on his behalf.

## DEFINITIONS

1.    "**Document**" refers to anything contemplated by Alabama Rules of Civil Procedure 34(a), and includes all media by which information or data may be stored or obtained, including, without limitation, books, pamphlets, letters, correspondence, telegrams, reports, memoranda, records, studies, extracts, notes, calendars, working papers, charts, papers, indices, tapes, data sheets or cards, minutes, transcriptions, computer disks, diskettes, e-mail, other electronic media, and any other written, printed, reported, transcribed, punched, taped or typed materials, movies or other photographic matter, however produced or reproduced, and all mechanical or electronic sound recordings or transcripts thereof, in your possession, custody or control.

2.    "**Relating to**" means relating to, referring to, concerning, regarding, describing, discussing, reflecting, mentioning, constituting and/or supporting, directly and/or indirectly and each of these terms should be construed as meaning each and every one of these terms.

3.    "**Correspondence**" means all letters, e-mails, facsimiles, notes, phone messages, notes regarding oral communications, audiotapes, videotapes, written or recorded presentations, advertising, promotional literature, brochures, and any other document relating to communication.

4.    "**You**" and/or "**your**" means the deponent Franklin Marshall and any attorneys, investigators, employees, relatives, agents or other representatives, or any other person or persons acting on his behalf.

## REQUEST FOR PRODUCTION

1.    Any and all documents which you contend prove or disprove the allegations of your complaint, including any and all documents substantiating your claims.

2.    Any and all documents supporting your claim of damages, including reports and/or damage calculations prepared regarding the amount of damages sought pursuant to this action.

3.    Any and all documents mentioning, referring or relating to Litton, and/or your claims in this lawsuit.

4.    Any and all documents evidencing any communications between you or anyone acting on your behalf, and any representative of Litton.

5.    Any and all statements you have given to any person regarding your complaint.

6.    Any and all documents which you contend evidences wrongdoing by Litton.

7.    Any and all documents and papers you intend to introduce into evidence during the trial of this case.

8.    Any and all documents and papers prepared by or for an expert who may be called to testify during the trial of this case or an expert consulted in connection with this case but whose work product forms a basis of the opinions of an expert to be called as a witness at the trial of this case .

One of the Attorneys for Defendant
Litton Loan Servicing, LP

862151.1                                    4

**OF COUNSEL:**

Gregory C. Cook (COO038)
Steven R. Parker (PAR126)
BALCH & BINGHAM LLP
Post Office Box 306
Birmingham, AL 35201-0306
Telephone: (205) 251-8100
Facsimile: (205) 226-8798

## CERTIFICATE OF SERVICE

    I certify that on September 20, 2006, I served the foregoing Re-Notice of Deposition upon the person listed below, by facsimile and by mail through the United States Postal Service.

Mr. R. Brent Irby
MCCALLUM, HOAGLUND, COOK, & IRBY
2062 Columbiana Road
Vestavia Hills, Alabama 35216

                                          Of Counsel

## IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA
## CLAYTON DIVISION

| | | |
|---|---|---|
| FRANKLIN MARSHALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | CIVIL ACTION NO. CV-05-88 |
| LITTON LOAN SERVICING, LP, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

## REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Rules 26 and 34 of the Alabama Rules of Civil Procedure, Defendant Litton Loan Servicing LP propounds to Plaintiff Franklin Marshall, the following Requests for Production of Documents to be answered within thirty (30) days after service.

## INSTRUCTIONS

1.     Unless otherwise specified, each request herein relates to, covers and requests information for any and all periods of time.

2.     If any document responsive to any of the following requests is withheld based on any claim of privilege, please state the following with respect to **EACH DOCUMENT**:  (1) the substance or subject matter of the document; (2) its date; (3) its authors; (4) the nature of the privilege being claimed and (5) the identity of all persons or entities who were recipients, have copies or have had access to such document.

3.     If any document to be produced was, but no longer is, in your possession or control or is no longer in existence, describe the document and state whether the document is: (1) still in existence and, if so, who has it; or (2) if missing, lost, destroyed or disposed of, the circumstances surrounding such disposition.

865647.1

4.      Where the context herein makes it appropriate, each singular word shall include its plural and each plural word shall include its singular.  "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery all responses which might otherwise be construed to be outside its scope.  The present tense shall be construed to include the past tense, and the past tense shall be construed to include the present tense.  The masculine and feminine shall be construed in the generic sense.

5.      When this discovery calls for a document which, while known to the party, is not in the possession or control of the party, the party shall identify its present location and custodian if known, or otherwise its last known location and custodian.

6.      Deponent is to produce all documents which are in his possession or control or available to him, including documents in the possession or control of his attorneys, investigators, employees, agents or other representatives, or any other person or persons acting on his behalf.

7.      Each document requested herein should be produced in its entirety and without deletion, redaction, or excisions, except as qualified by Instruction 2 above, regardless of whether you consider the entire document or only part of it to be relevant or responsive to these document requests.  If you have redacted any portion of the document, stamp the word "REDACTED" beside the redacted information on each page of the document which you have redacted.  Any redactions to documents produced should be identified in accordance with Instruction 2 above.

## DEFINITIONS

1.      "**Document**" refers to anything contemplated by Alabama Rules of Civil Procedure 34(a), and includes all media by which information or data may be stored or obtained, including, without limitation, books, pamphlets, letters, correspondence, telegrams, reports,

memoranda, records, studies, extracts, notes, calendars, working papers, charts, papers, indices, tapes, data sheets or cards, minutes, transcriptions, computer disks, diskettes, e-mail, other electronic media, and any other written, printed, reported, transcribed, punched, taped or typed materials, movies or other photographic matter, however produced or reproduced, and all mechanical or electronic sound recordings or transcripts thereof, in your possession, custody or control.

     2.    **"Relating to"** means relating to, referring to, concerning, regarding, describing, discussing, reflecting, mentioning, constituting and/or supporting, directly and/or indirectly and each of these terms should be construed as meaning each and every one of these terms.

     3.    **"Correspondence"** means all letters, e-mails, facsimiles, notes, phone messages, notes regarding oral communications, audiotapes, videotapes, written or recorded presentations, advertising, promotional literature, brochures, and any other document relating to communication.

     4.    **"You"** and/or **"your"** mean and refer to Plaintiff Franklin Marshall and any attorneys, investigators, employees, relatives, agents or other representatives, or any other person or persons acting on his behalf.

## REQUEST FOR PRODUCTION

     1.    Any and all documents which you contend prove or disprove the allegations of your complaint, including any and all documents substantiating your claims.

     2.    Any and all documents supporting your claim of damages, including reports and/or damage calculations prepared regarding the amount of damages sought pursuant to this action.

3

3.     Any and all documents mentioning, referring or relating to Litton, and/or your claims in this lawsuit.

4.     Any and all documents evidencing any communications between you or anyone acting on your behalf, and any representative of Litton.

5.     Any and all statements you have given to any person regarding the allegations of your complaint.

6.     Any and all documents which you contend evidences wrongdoing by Litton.

7.      Any and all documents and papers you intend to introduce into evidence during the trial of this case.

8.     Any and all documents and papers prepared by or for an expert who may be called to testify during the trial of this case or an expert consulted in connection with this case but whose work product forms a basis of the opinions of an expert to be called as a witness at the trial of this case .

_____
One of the Attorneys for Defendant
Litton Loan Servicing, LP

**OF COUNSEL:**

Gregory C. Cook (COO038)
Steven R. Parker (PAR126)
BALCH & BINGHAM LLP
Post Office Box 306
Birmingham, AL 35201-0306
Telephone: (205) 251-8100
Facsimile: (205) 226-8798

## CERTIFICATE OF SERVICE

I certify that on October 5, 2006, I served the foregoing Request for Production of Documents upon the person listed below, via hand delivery.

Mr. R. Brent Irby
MCCALLUM, HOAGLUND, COOK, & IRBY
2062 Columbiana Road
Vestavia Hills, Alabama 35216

_____
Of Counsel

10/05/06

# IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA

FRANKLIN MARSHALL,                    )
                                      )
    Plaintiff,                     )
                                      )
v.                                    )    CIVIL ACTION NO. CV 05-88
                                      )
LITTON LOAN SERVICING, LP,            )
                                      )
    Defendant.                     )

## NOTICE OF SERVICE OF DISCOVERY DOCUMENTS

Please take notice that the following discovery documents have been served on behalf of

defendant Litton Loan Servicing, LP.

REQUEST FOR PRODUCTION OF DOCUMENTS

_____

One of the Attorneys for Defendant
Litton Loan Servicing, LP

**OF COUNSEL:**

Gregory C. Cook
Steven R. Parker
BALCH & BINGHAM LLP
Post Office Box 306
Birmingham, Alabama 35201-0306
Telephone: 205-251-8100
Facsimile:  205-226-8798



FILED
OCT 0 6 2006
DAVID S. NIX, CLERK
BARBOUR COUNTY, ALABAMA

865711.1

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served upon counsel listed below via hand-delivery this _____5th_____ day of October, 2006.

Mr. R. Brent Irby
McCallum, Hoaglund, Cook & Irby
2062 Columbiana Road
Vestavia Hills, Alabama  35216

                                                        _____
                                                      Of Counsel

16/17/06

## IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA
## CLAYTON DIVISION

FRANKLIN MARSHALL,                )
                                  )
     Plaintiff,                  )
                                  )
v.                                )
                                  )    CIVIL ACTION NO. CV-05-88
LITTON LOAN SERVICING, LP,        )
                                  )
     Defendant.                  )
                                  )
                                  )

### RE-NOTICE OF DEPOSITION

**TO:**   Mr. R. Brent Irby
      MCCALLUM, HOAGLUND, COOK, & IRBY
      2062 Columbiana Road
      Vestavia Hills, Alabama 35216

     PLEASE TAKE NOTICE THAT, pursuant to Alabama Rules of Civil Procedure 30, defendant Litton Loan Servicing, LP ("Litton"), by and through counsel, will take the oral deposition of the deponent named below at the time and location indicated. The deposition will continue from time to time until completed. This Notice of Deposition is issued pursuant to the Alabama Rules of Civil Procedure for the purpose of discovery or for use as evidence at the trial of the above case, and will be recorded by stenographic means by a court reporter or some other person authorized by law to administer oaths. You are invited to attend and cross-examine.

**DEPONENT:**    **Franklin Marshall**

**DATE:**         **November 6, 2006**

**TIME:**         **9:00 a.m.**

**LOCATION:**    **LAW OFFICES OF CALTON & CALTON**
                 **East Broad Street**
                 **Eufaula, AL 36027**

867768.1

One of the Attorneys for Defendant
Litton Loan Servicing, LP

**OF COUNSEL:**

Gregory C. Cook (COO038)
Steven R. Parker (PAR126)
BALCH & BINGHAM LLP
Post Office Box 306
Birmingham, AL 35201-0306
Telephone: (205) 251-8100
Facsimile: (205) 226-8798

## CERTIFICATE OF SERVICE

I certify that on October 17, 2006, I served the foregoing Re-Notice of Deposition upon the person listed below, by facsimile and by mail through the United States Postal Service.

Mr. R. Brent Irby
McCALLUM, HOAGLUND, COOK, & IRBY
2062 Columbiana Road
Vestavia Hills, Alabama 35216

Of Counsel

10/17/06

## IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA
### CLAYTON DIVISION

FRANKLIN MARSHALL,            )

        Plaintiff,             )

v.                            )

                             )    CIVIL ACTION NO. CV-05-88

LITTON LOAN SERVICING, LP,    )

        Defendant.         )

                             )

*(stamp: FILED OCT 18 2006 DAVID S. NIX, CLERK BARBOUR COUNTY, ALABAMA)*

### NOTICE OF SERVICE OF DISCOVERY DOCUMENTS

Please take notice that the following discovery documents have been served on behalf of

Plaintiff Litton Loan Servicing, LP.

### RE-NOTICE OF DEPOSITION

_____

One of the Attorneys for Defendant
Litton Loan Servicing, LP

**OF COUNSEL:**

Gregory C. Cook (COO038)
Steven R. Parker (PAR126)
BALCH & BINGHAM LLP
Post Office Box 306
Birmingham, AL 35201-0306
Telephone: (205) 251-8100
Facsimile: (205) 226-8798

867768.1

OCT 2 0 2006

## CERTIFICATE OF SERVICE

I certify that on October 17, 2006, I served the foregoing Re-Notice of Deposition upon the person listed below, by facsimile and by mail through the United States Postal Service.

Mr. R. Brent Irby
McCallum, Hoaglund, Cook, & Irby
2062 Columbiana Road
Vestavia Hills, Alabama 35216

Of Counsel

867768.1

2

# IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA
## (Clayton Division)

| | | |
|---|---|---|
| **FRANKLIN MARSHALL;** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action No. 05-88** |
| **v.** | ) | |
| | ) | |
| **LITTON LOAN SERVICING, LP;** | ) | |
| | ) | |
| **Defendant.** | ) | |

## PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS

COMES NOW, Plaintiff, Franklin Marshall., by and through his undersigned attorney, and submits these responses to Litton Loan Servicing, LP Request for Production as follows:

## GENERAL OBJECTIONS

The following objections apply to each and every request for production and are therefore not repeated but are incorporated by reference in each response below.

1.    Plaintiff objects to the requests to the extent that they, individually or cumulatively, purport to impose on Plaintiff duties and obligations beyond those permitted by the Alabama Rules of Civil Procedure.

2.    Plaintiff reserves all objections as to the competency, relevancy, materiality and admissibility of its documents or information or the subject matter thereof, all objections as to burden, vagueness, overbreadth and ambiguity, and all rights to object on any ground to the use of any document or information, or the subject matter thereof, in any subsequent proceeding, including without limitation the trial of this, or any other, action.

3.    Plaintiff objects to the requests to the extent they are overly broad, vague, ambiguous, unduly burdensome or fail to specify the information or documents sought with reasonable

particularity, and to the extent that they seek information or documents that are not relevant to the subject matter of this action or reasonably calculated to lead to the discovery of admissible evidence or are otherwise outside the scope of discovery permitted by the Alabama Rules of Civil Procedure.

4.    Plaintiff objects to the requests to the extent they purport to require Plaintiff to produce documents or provide information outside its possession, custody or control.

5.    Plaintiff objects to the requests to the extent they require Plaintiff to produce any documents or information that is publicly available on the ground that such documents and information is just as readily obtainable by the Defendant and, therefore, Plaintiff should not have to bear the burden of disclosure.

6.    Plaintiff objects to the requests insofar as they are repetitive and/or substantially overlap with other requests or require Plaintiff to provide the same information more than once, on the ground that such duplicative disclosure is unduly burdensome.

7.    Plaintiff objects to the requests to the extent they seek documents that constitute or disclose confidential business or personal information, and to the extent they require Plaintiff to violate any applicable contractual obligations to third parties.

8.    Plaintiff objects to the requests to the extent they require Plaintiff to produce documents or information that were prepared for or in anticipation of litigation, constitute attorney work product, are protected by the attorney-client privilege, constitute or discloses the mental impressions, conclusions, opinions or legal theories of any attorney or other representative of Plaintiff concerning this or any other litigation, or are protected by any other applicable privilege, statute, rule or immunity. Such information will not be produced to Plaintiff, and any inadvertent production shall not be deemed a waiver of any privilege with respect to such information or of any work product doctrine which may apply.

9.    The specific responses set forth below are based upon information now available to Plaintiff, and Plaintiff reserves the right at any time to revise, correct, add to, or clarify the objections or responses set forth herein.

10.    Any response or objection to any or all requests does not necessarily mean that any documents or information responsive to any specific request exist or are in the possession, custody or control of Plaintiff.

11.    In each and every response, or sub-part thereof, where Plaintiff interposes an objection, such objection shall be construed to preserve all of Plaintiff's rights to enter similar objections as to any future supplemental response to such request.  Moreover, a failure to object herein shall not constitute a waiver of any objections that Plaintiff may interpose as to any future supplemental responses.

12.    Plaintiff's objections and responses to the requests are made expressly without, in any way, waiving or intending to waive, but, rather, to the contrary, preserving and intending to preserve the following:

a.    All questions as to the competence, relevance, materiality, privilege, admissibility as evidence, or use for any purpose of the documents or information, or the subject matter thereof, in any aspect of this or any other action, arbitration, proceeding or investigation;

b.    The right to object on any ground to the use of any such documents or information, or the subject matter thereof, in any aspect of this or any other action, arbitration, proceeding or investigation;

c.    The right to object at any time to a demand for any further response to this or any other interrogatory; and

d.    The right at any time to revise, supplement, correct, amend or clarify these

objections and answers.

     1.     Any and all documents which you contend prove or disprove the allegations of your

complaint, including any and all documents sustaining your claims.

**ANSWER:**     **Plaintiff objects to this Request as being overly broad and unduly burdensome. Moreover, Plaintiff objects to this Request to the extent that it calls for information which may be subject to the attorney/client privilege and/or prepared in anticipation of litigation or in preparation for trial. Subject to and without waiving these objections, any non-privileged responsive documents in Plaintiff's possession will be produced.**

     2.     Any and all documents supporting your claim of damages, including reports and/or

damage calculations prepared regarding the amount of damages sought pursuant to this action.

**ANSWER:**     **Plaintiff objects to this Request as being overly broad and unduly burdensome. Moreover, Plaintiff objects to this Request to the extent that it calls for information which may be subject to the attorney/client privilege and/or prepared in anticipation of litigation or in preparation for trial. Subject to and without waiving these objections, any non-privileged responsive documents in Plaintiff's possession will be produced.**

     3.     Any and all documents mentioning, referring or relating to Litton, and/or your claims

in this lawsuit.

**ANSWER:**     **Plaintiff objects to this Request as being overly broad and unduly burdensome. Moreover, Plaintiff objects to this Request to the extent that it calls for information which may be subject to the attorney/client privilege and/or prepared in anticipation of litigation or in preparation for trial. Subject to and without waiving these objections, any non-privileged responsive documents in Plaintiff's possession will be produced.**

     4.     Any and all documents evidencing any communications between you or anyone acting

on your behalf, and any representative of Litton.

**ANSWER:**     **Plaintiff objects to this Request as being overly broad and unduly burdensome. Moreover, Plaintiff objects to this Request to the extent that it calls for information which may be subject to the attorney/client privilege and/or prepared in anticipation of litigation or in preparation for trial. Subject to and without waiving these objections, any non-privileged responsive documents in Plaintiff's possession will be produced.**

5.      Any and all statements you have given to any person regarding the allegations of your

complaint.

**ANSWER:**    **Plaintiff objects to this Request on the basis that it calls for information which
may be subject to attorney/client privilege and/or prepared in anticipation of
litigation or in preparation for trial.**

6.      Any and all documents which you contend evidences wrongdoing by Litton.

**ANSWER:**    **Plaintiff objects to this Request as being overly broad and unduly burdensome.
Moreover, Plaintiff objects to this Request to the extent that it calls for
information which may be subject to the attorney/client privilege and/or
prepared in anticipation of litigation or in preparation for trial.  Subject to and
without waiving these objections, any non-privileged responsive documents in
Plaintiff's possession will be produced.**

7.      Any and all documents and papers you intend to introduce into evidence during the

trial of this case.

**ANSWER:**    **Plaintiff has not yet made a determination as to which papers or documents
Plaintiff intends to introduce as evidence during the trial of this case.  Plaintiff
will supplement this response as litigation proceeds.**

8.      Any and all documents and papers prepared by or for an expert who may be called

to testify during the trial of this case or an expert consulted in connection with this case but whose

work product forms a basis of the opinions of an expert to be called as a witness at the trial of this

case.

**ANSWER:**    **An expert determination has not yet been made in this case.  Plaintiff will
supplement this response as discovery proceeds.**

RESPECTFULLY SUBMITTED:

R. Brent Irby

## IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA
### (Clayton Division)

|  |  |  |
|---|---|---|
| FRANKLIN MARSHALL; | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 05-88 |
| v. | ) | |
| | ) | |
| LITTON LOAN SERVICING, LP; | ) | |
| | ) | |
| Defendant. | ) | |

### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND INTERROGATORIES TO DEFENDANT

COMES NOW Plaintiff, Franklin Marshall, by and through his undersigned counsel of record, and pursuant to Rules 26, 33 and 34 of the Alabama Rules of Civil Procedure, requests that Defendant, >Litton Loan Servicing, LP answer or respond to each of the following request for production under oath, in writing, separately, in the fullest detail possible and in accordance with the definitions and instructions set forth below. The response to the requests, if any, shall be served no later than 30 days after the service of these requests.

### DEFINITIONS

1.     As used herein, the terms "you," "your," or "yourself" refer to Plaintiff(s), each of their agents, representatives and attorneys and each person acting or purporting to act on their behalf.

2.     As used herein, the term "representative" means any and all agents, employees, servants, officers, directors, attorneys or other persons acting or purporting to act on behalf of the person in question.

3.     As used herein, the term "person" means any natural individual in any capacity whatsoever or any entity or organization, including divisions, departments and other units therein, and shall include, but not be limited to, a public or private corporation, partnership, joint venture,

voluntary or unincorporated association, organization, proprietorship, trust, estate, governmental agency, commission, bureau or department.

4.    As used herein, the term "document" means any medium upon which intelligence or information can be recorded or retrieved and includes, without limitation, the original and each copy, regardless of origin and location, of any book, pamphlet, periodical, letter, memorandum (including any memorandum or report of a meeting or conversation), invoice, bill, order form, receipt, financial statement, accounting entry, diary, calendar, telex, telegram, cable, report, record, contract, agreement, study, handwritten note, draft, working paper, chart, paper, print, laboratory record, drawing, sketch, graph, index, list, tape, photograph, microfilm, data sheet or date processing card, or any other written, recorded, transcribed, punched, taped, filmed or graphic matter, however produced or reproduced, which is in your possession, custody or control or which was, but is no longer, in your possession, custody or control.

5.    Each of the terms "identify," "identity" or "identification" or words of like import, means (i) when referring to a natural person, to provide information sufficient to notice a deposition of such person and to serve such person with process requiring his or her attendance at a place of examination and shall include, without limitation, his or her full name; present or last known address; the last date when such address was known or believed to be correct; his or her present or last known business affiliation, title or occupations, and each of his or her positions, titles or job description during the applicable period of time covered by any answer referring to such person, and (ii) when used in reference to a document including, without limitation, any business record, each such term means to provide information of each such document sufficient properly to identify each document in a subpoena pursuant to Rule 33, or by a request to produce pursuant to the Alabama Rules of Civil Procedure and shall include, without limitation, and separately stated as to each

document its date; the name, address, professional title, job description, position and legal or technical background of its author; the name, address and position of its recipient and each and every person receiving a copy; a general description of its subject matter and contents (in lieu of such description a copy, properly identified to the relevant interrogatory, may be attached to your answers); the name, file number or other designation or description of each and every file known to contain a copy; the name and address of the present custodian of each copy, including the original, and a description of the circumstances under which it was prepared, issued, mailed, sent or received and to or by whom issued, mailed, sent or received.

6.      For each document asserted to be privileged or otherwise excludable from discovery, the basis for such claim of privilege or other ground for exclusion shall be stated. For any document no longer in existence, state how it passed out of existence, and identify each person having knowledge concerning such disposition.

7.      Unless otherwise specified, each interrogatory relates to, covers and requests information for any and all periods prior to the date answers are filed and requires a continuing answer.

8.      When an interrogatory requires you to "state the basis of" a particular claim, contention or allegation, state in your answer the identity of each and every communication and each and every legal theory that you think supports, refers to or evidences such claim, contention or allegation.

9.      As used herein, the word "or" appearing in an interrogatory should not be read so as to eliminate any part of the interrogatory but, whenever applicable, it should have the same meaning as the word "and." For example, an interrogatory stating "support or refer" should be read as "support and refer" if any answer that does both can be made.

RESPECTFULLY SUBMITTED:

R. Brent Irby

OF COUNSEL:
McCallum, Hoaglund, Cook & Irby, L.L.P.
2062 Columbiana Road
Vestavia Hills, Alabama 35216
Phone: (205) 824-7767
Fax: (205)824-7768

### Certificate of Service

I do hereby certify that I have caused a copy of the foregoing pleading to be served on all counsel of record via United States mail on November 22, 2006, properly addressed and postage prepaid.

Gregory C. Cook
Balch & Bingham, LLP
P.O. Box 306
Birmingham, Alabama 35201-0306

Counsel

# Exhibit
# 2



CHARLES A. McCALLUM, III
ERIC D. HOAGLUND
MARTHA REEVES COOK
R. BRENT IRBY*
*ALSO ADMITTED IN TENNESSEE

McCALLUM • HOAGLUND • COOK • IRBY

Writer's email: birby@mhcilaw.com

November 22, 2006

**Via Electronic Mail
and U.S. Mail**
Gregory C. Cook
Balch & Bingham, LLP
P.O. Box 306
Birmingham, Alabama 35201-0306

> Re:   *Franklin Marshall v. Litton Loan Servicing, LP*
>        Circuit Court of Barbour County Court (Clayton Division)
>        Civil Action No. CV-05-88

Dear Greg:

We have had an opportunity to again review Mr. Marshall's loan file in conjunction with the information you recently sent to me. Having carefully reviewed the file again reaffirms to us that Litton Loan consistently acted inappropriately with respect to this transaction, and that Mr. Marshall has and continues to have substantial and meritorious claims against Litton.

As I have mentioned before, Mr. Marshall has consistently made the payments required under his note in a timely fashion. It was not until Litton took over the servicing of this loan that Mr. Marshall's purported "problems" and "deficiencies" with this loan began. Indeed, if you review this loan's history in the two (2) years prior to Litton taking over, you will see that Mr. Marshall's payment history and record with this loan was unblemished.

Our review of the file substantiates our contention, as we have made all along, that <u>all</u> of Mr. Marshall's payments under this loan have been timely. Likewise, as Litton is aware, Mr. Marshall has always maintained appropriate collateral insurance on this property in accordance with his note. I am including in our document production Mr. Marshall's money order receipts and certified mail receipts showing that, without question, all of Mr. Marshall's monthly payments under the loan were timely. Indeed, I think you would agree with me that Mr. Marshall, in contrast to some borrowers that I am sure we both have seen, has been a pretty diligent and consistent payor under this note, making the required payment each month. These money order receipts demonstrate that at no time were any payments by Mr. Marshall untimely. Litton's contention that Mr. Marshall's payments have been consistently "late" is premised on its assertion that Mr. Marshall had not been paying the incorrect, excessive, and improper amount claimed on Litton's monthly statements. Stated otherwise, the only basis Litton Loan has to suggest that Mr. Marshall has ever been "late" on a

payment is because he has not paid the unauthorized and improper amounts that Litton claims are due. Because these excessive amounts were never rightfully due to Litton Loan, Mr. Marshall has never been late in any fashion whatsoever.

As Litton Loan acknowledges, Mr. Marshall's loan started getting "deficient" as a result of force-placed insurance coverage unilaterally placed on the loan by Litton. As a result, Litton unilaterally increased Mr. Marshall's monthly payment by an exorbitant amount, which included more than simply the premiums for the useless force-placed insurance.

As stated previously, throughout the life of this loan Mr. Marshall has always maintained appropriate collateral insurance on this property as required by the note. As acknowledged by Litton Loan in its January 13, 2005 correspondence to Jim Calton, Jr., Litton Loan was provided with the necessary proof of payment for the insurance covering the property, and, therefore, a refund of premiums was due to Mr. Marshall. Despite this fact and Litton Loan's acknowledgment of it, Litton Loan, for a period of two years (2) following that time, continued to improperly assess Mr. Marshall late fees and claim additional principal and interest owed as a result of the force-placed insurance charges that Litton Loan acknowledged were due to be reversed. Astonishingly, not only did Litton Loan continue to claim late fees and interest owed for charges that never should have been made in the first place, it further made repeated and offensive attempts to foreclose on Mr. Marshall's home, repeatedly sent threatening letters demanding payment and threatening foreclosure, and even reported this disputed debt to credit reporting agencies despite the fact that Mr. Marshall, through his attorneys, had appropriately disputed this debt in writing to Litton Loan more than once. We believe such conduct rises to the level of willfulness and we are confident that a Barbour County jury will agree.

I have reviewed Litton's claimed damages calculation and I respectfully take issue with it. Please note that Litton has assessed Mr. Marshall a late fee consistently every month since July 2004 and continues to do so to date. Additionally, while the useless force-placed insurance that started this fiasco had a face amount of $543, that does not represent the additional assessments that were contained and claimed on Mr. Marshall's monthly statements starting in July 2004. That is, his increased monthly payment not only included the pro-rata premium for the insurance, but it also included exorbitant amounts for "shortage" and "deficiency" spreads- - - in fact, those amounts were even more than the pro-rata premium for the force-placed insurance each month. Thus, while the useless force-placed insurance may have a price of $543 on its face, the ultimate effect of this insurance caused an additional $113.21 to be included on Mr. Marshall's bill each month, which, based on the chart you provided me, was included on his statements no less than seven (7) times. More importantly, these improper and excessive amounts, along with the repeated late fees, were added to the principal amount owed by Mr. Marshall on a cumulative basis, thereby repeatedly increasing the principal amount on which interest was assessed and accruing monthly. Stated otherwise, these unilateral and bogus charges by Litton have dramatically increased the amount on which Mr. Marshall will owe interest, and those damages continue to date.

2

Furthermore, our analysis reveals that there were several violations by Litton of the Fair Credit Reporting Act and the Fair Debt Collections Act with respect to this loan. Among other things, Litton Loan was put on notice on more than one occasion in writing by Mr. Marshall's counsel that he was being represented and that communications surrounding the loan should be made through counsel. Nonetheless, numerous threatening letters and phone calls were made directly by Litton, despite its notice that Mr. Marshall was represented by counsel. Moreover, on more than one occasion Mr. Marshall, through his counsel, disputed the validity of this purported "deficiency" to Litton Loan in writing. Despite disputing the validity of this purported "deficiency", Litton Loan took no measures to reinvestigate the debt and instead slandered Mr. Marshall and damaged his credit by reporting this disputed and inaccurate debt to credit reporting agencies. This negative credit information provided to the credit reporting agencies by Litton Loan has caused and continues to cause Mr. Marshall substantial damages.

In addition to damaging and defaming Mr. Marshall's credit standing, Litton Loan has further caused damages by threatening foreclosure and taking actions to initiate foreclosure proceedings. The frustration and emotional toll that Litton's conduct has taken on Mr. Marshall is substantial.

In sum, a review of this file demonstrates without question that Mr. Marshall has consistently met his obligations under the note and mortgage he signed, and I think you will agree with me when you look at his payment history that he has been a consistent payor. It was not until Litton took over the servicing of this loan did any purported problems arise. We do not believe this was a coincidence. If this litigation continues, which we are fully prepared for, we will pursue and present pattern and practice evidence during this case demonstrating that the fraud perpetrated on Mr. Marshall was not random or isolated. We further intend to show that there was no "mistake" with this loan, but rather Litton had a designed plan and procedure to place and keep Mr. Marshall in default with the intent to ultimately take his home from him.

As stated, while we are fully prepared to litigate this matter through trial, we do understand that it is beneficial for all sides at this juncture to consider settlement possibilities before substantial time and expense are incurred litigating. I hope you would agree with me that our initial demand of $20,000 was not outside the bounds of reasonableness. I began at $20,000 because, if we were going to attempt settlement now, I wanted to do it swiftly without nickle and diming back and forth. As I mentioned to you earlier, we are willing to drop our demand to $17,500 in order to keep these discussions open.

If you would like to discuss any of the foregoing in more detail, please feel free to give me a call. Please note that I am also including herewith the Plaintiff's Responses to the Defendant's Request for Production, including our document production. I am also including Plaintiff's First Interrogatories and Requests for Production of Documents to Defendant.

3

Please feel free to call if you have any questions or concerns.

Sincerely,

R. Brent Irby
RBI/mo
Enclosures

4